# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

Keli Liu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: Kliu@hanglaw.com

February 8, 2019

**Via Email**

Honorable William H. Pauley III, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    Guang Hong Zhou, et al. v. Lili's 200 West 57th Corp., et al.
               Case No.18-cv-1010-WHP

*Joint* Motion for Approval of the Settlement

Dear Judge Pauley:

      We are Counsel for the Plaintiffs GUANG HONG ZHOU, LIN QIANG ZHOU, ZHI FANG PAN, ZONG WEI REN and JIAN HUA LI, (hereinafter referred to as "Plaintiffs") in the abovementioned matter. We write, jointly with Defendants ALAN PHILLIPS and JONAH PHILLIPS (collectively "Phillips Defendants")[1] (all, together where appropriate, as "the Parties"), to respectfully seek approval of the parties' settlement of Plaintiffs' FLSA claims in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[2]. A copy of the fully executed settlement agreement is annexed herein as **Exhibit A**.

**Relevant Factual Background**

      Plaintiffs are former delivery workers at Defendants' Pan-Asian restaurants Lilli and Loo located at 792 Lexington Ave and Lili's 57 located at 200 West 57th Street, both in New York City. Plaintiffs commenced the instant matter on February 5, 2018 and filed an amended complaint on April 23, 2018, seeking unpaid overtime wages, reimbursement for expenses

---

[1] Corporate Defendants Lili's 200 West 57th Corp. d/b/a Lili's 57, 792 Restaurant Food Corp. d/b/a Lilli and Loo, as well as individual defendant Siew Moy Low are currently in bankruptcy and the claims against them have been automatically stayed.

[2] While Plaintiffs also bring claims in this case for Defendants' alleged violations of the New York Labor Law ("NYLL"), settlement of those claims does not require court approval for dismissal. *See, e.g., Yunda v. SAFI-G, Inc.*, 2017 WL 1608898, at *1 (S.D.N.Y. Apr. 28, 2017) (citing *Abrar v. 7-Eleven, Inc.*, 2016 WL 1465360, at 81 (E.D.N.Y. Apr. 14, 2016) (" . . . the NYLL settlement agreement does not require judicial approval.")

relating to tools of the trade, "spread of hours" pay, and damages for wage notice and wage statements violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL").

Plaintiffs allege that the Phillips Defendants, together with individual Defendant Siew Moy Low, are the owners, officers and/or managers of restaurants Lilli and Loo and Lili's 57, and that they are jointly liable for the damages caused to the Plaintiffs.

Defendants deny that the Phillips Defendants had any managerial authority over the Plaintiffs, and maintain that they were not involved in the operation of the restaurant.

**Settlement Amount**

Both parties believe that the settlement amount of $85,000 is fair and reasonable. Plaintiffs' claims against the Philips Defendants hinges on whether they can establish that the Philips Defendants were their "employer" for the purpose of the FLSA. It has been long established that Courts in this district look at the "economic reality" of the relationship to determine whether an individual qualify as an employer. Much of the economic reality factors are about the individual's managerial and/or operational control over the Plaintiffs, which including the authority to hire/fire employees, to set employees work schedule and/or their rate of pay. Although the fact that Philips Defendants have ownership stakes in the Corporate Defendants weigh in Plaintiffs' favor, the parties are in heavy dispute as to the Phillips' managerial and operational role in both corporations. The economic reality inquiry is highly facts sensitive and is unlikely to be resolved through dispositive motion. Although the damages the Plaintiffs can potentially recover from all the Defendants are well over $500,000, they face risks on their claims against the Philips Defendants. If the Plaintiffs cannot meet their initial burden to establish Philips Defendants' employer status, their claims against them may get dismissed entirely.

Furthermore, the claims against other Defendants have been stayed pending the outcome of the bankruptcy filings, Plaintiffs are looking at an indefinite waiting period with the uncertainty of getting monetary recovery from the Defendants in bankruptcy. This amount considers the costs and the uncertainty of a protracted litigation and the prospect of a dismissal of their claims against the Philips. This settlement was reached after extensive negotiations between the parties' attorneys. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiffs' claims and the risks attendant with continuing the litigation.

**FLSA Settlement Approval**

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the

seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing *factual or legal issue to further the development of the law either in general or in an industry or in a workplace." Id. at 336. (Citations omitted.)*

*Here, the settlement amount represents a fair comprise considering Plaintiffs* potentially look at $0 recovery from the Philips Defendants. The settlement reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In light of the uncertainties associated with establishing liability, as well as Plaintiffs' desire to avoid future legal proceedings, the settlement amount reached here is reasonable. Cf., *e.g.*, *Beckert v. Ronirubinov*, 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation);*Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, inter alia, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial").

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *See*, *e.g.*, *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsel for both parties are experienced litigators who focus their practices primarily on employment law issues. Prior to entering into the settlement agreement, Plaintiffs thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the Firm will be reimbursed $400 in filing fees and retain 33% of the remaining settlement amount of as attorneys' fees, which is $28,400.00. Based on our experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 30% to 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in Cheeks, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, because one-third is standard practice in FLSA claims, our attorney fee of 33% is a fair number for this matter as well.

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ Keli Liu

Keli Liu, Esq.